STATE ex rel. JOHNSON, Bank Com'r, v. SHOTWELL.

No. 28228. May 17, 1938.

James P. Hughes, for plaintiff in error.

E. H. Gipson, for defendant in error.

HURST, J. This is an action by the Bank Commissioner against Eli Shotwell and R. N. Higgins, Jr., to enforce the liability imposed by section 9130, O. S. 1931, by virtue of their ownership of 25 shares of stock of $100 par value each, in the First State Bank of Cheyenne, Okla., which was declared insolvent and taken over by the Bank Commissioner on March 25, 1935. The stock was transferred by Higgins to Shotwell on July 25, 1934, and stood in the name of Shotwell on the books of the bank

from that date until the time the bank was closed. Judgment was rendered against Higgins, and he has not appealed. The jury returned a verdict in favor of Shotwell, and from judgment thereon the Bank Commissioner has appealed.

The plaintiff argues (a) that defendant was the owner of said stock, as shown by the books of the bank, at the time the bank was declared insolvent; (b) that the fraud, if any, of Higgins in selling the stock to Shotwell is no defense to this action; and (c) that since the stockholders waived notice of the special meeting, and in fact exercised their judgment and gave their consent to the increase, the increase is valid.

The defendant, on the other hand, does not question the three propositions argued by the plaintiff if the stock was legally increased, but states that his sole defense is: "That the stock made the basis of this action was a part of an illegal and void issue within the Constitution and laws of this state as interpreted by our courts"; and further, that "One, who in good faith authorizes his name to be entered on the stock records of a bank as a stockholder, believing that his stock was a part of a legal issue, is not estopped from denying stockholder double liability when he learns that said stock was a part of an excessive and void issue."

Therefore the sole question for decision is whether, under the evidence, the stock standing in the name of Shotwell is void as being part of 300 shares issued on July 25, 1934, without authority of law. Defendant relies upon State v. Hardister (1924) 108 Okla. 64, 237 P. 75, which holds that "when the stock appearing in the name of the defendant is a part of a fictitious and invalid increase of the capital stock, which has been issued in violation of the provisions of section 39, art. 9, of Constitution and sections 4118 and 5319, Comp. Stat. 1921," there is no liability on the defendant. He contends that the evidence shows that no meeting of the stockholders was held at which the stock was purportedly increased from 200 to 500 shares.

On the other hand, the Bank Commissioner relies principally upon Garnett v. State (1932) 162 Okla. 195, 19 P.2d 375, which holds that an irregular increase of stock is voidable only, and that the holder of such stock is liable under the statute in an action on behalf of creditors after such banking corporation has failed and been taken over by the Bank Commissioner.

We must examine the evidence to determine whether defendant's stock was issued without any authority, as was done in the Hardister Case, or whether it was issued irregularly as was done in the Garnett Case.

The record discloses that on July 25, 1934, when it is claimed the increase was authorized, stockholders owning 160 of the 200 outstanding shares signed a waiver of notice of the stockholders' meeting, and unanimously passed a resolution authorizing the increase from 200 to 500 shares. The waiver of notice appears to have been signed by nine others who acquired a portion of the increase authorized at that meeting, and the minutes of the meeting indicate that those nine participated in the proceedings authorizing the increase. Four of those acquiring part of the increase testified that they signed the waiver of notice of the meeting, but that they did not attend the stockholders' meeting at which the increase was voted. None of the six holders of the original stock, who participated in said meeting, according to the minutes introduced in evidence, testified. There is no evidence that said six stockholders, owning 160 of the 200 shares then outstanding, did not meet and authorize the increase as shown by the minutes of the meeting. They represented more than three-fourths of the outstanding stock, and under section 9128, O. S. 1931, had authority to vote the increase. There is no showing that the owner of the 40 shares not represented objected to the increase or took any steps to defeat it.

At most the meeting was irregular in that there is no showing that the holder of the remaining 40 shares was notified of the meeting, and purchasers of part of the increase are shown to have participated in the meeting. Neither fact renders the increase void. At most it would be voidable at the instance of the owner of the 40 shares not represented, which fact we do not now decide.

In the defendant's brief it is stated that there is no showing that the Bank Commissioner approved the increase as required by section 9128. No issue was made on this question in the answer, or in the evidence. We cannot, therefore, consider the question. It follows that this case comes under the rule stated in the Garnett Case.

The plaintiff demurred to defendant's evidence, and at the close of all the evidence moved for a directed verdict. Both were

well taken. Judgment reversed, with directions to enter judgment for the plaintiff according to the prayer of the petition.

BAYLESS, V. C. J., and WELCH, PHELPS, and GIBSON, JJ., concur.